# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL CASE NO. 2:11cv25

| | |
|---|---|
| AMBER NICOLE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MICHAEL J. ASTURE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Notice of Motion and Motion for Judgment on the Pleadings [Doc. 14] and the Defendant's Motion for Summary Judgment [Doc. 18].

Pursuant to 28 U.S.C. §636(b) and a specific Order of referral of this Court, the Honorable David C. Keesler, United States Magistrate Judge, was designated to consider these pending motions and to submit to this Court a recommendation for their disposition. On July 3, 2012, the Magistrate Judge filed a Memorandum and Recommendation [Doc. 20] in this case containing proposed conclusions of law in support of a recommendation regarding the parties' Motions. The parties were advised of the time within which any objections to the Magistrate Judge's Memorandum and Recommendation

were to be filed. The Plaintiff timely filed her Objections to the Memorandum and Recommendation. [Doc. 21].

## PROCEDURAL HISTORY

The Plaintiff does not lodge any objections to the Magistrate Judge's statement of the procedural and factual Background, Standard of Review, or Discussion of the sequential evaluation process. She also does not object to the Magistrate Judge's discussion concerning the Administrative Law Judge's (ALJ) treatment of her cognitive impairment, hearing loss, credibility and the opinion of the vocational expert.

Having conducted a careful review of these portions of the Memorandum and Recommendation, the Court finds that the Magistrate Judge's treatment thereof is correct and supported by the record.

## STANDARD OF REVIEW

This Court has statutory authority to assign pending dispositive pretrial matters to a Magistrate Judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that the Court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court is not required to

2

review under a *de novo* standard the proposed factual findings or legal conclusions of the Magistrate Judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Similarly, *de novo* review is not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

**DISCUSSION**

The Plaintiff assigned as error the failure of the ALJ to develop the record as to her condition of Hepatitis C. The Plaintiff's argument is based on her brief statement at her hearing that she had "just" been told that she had Hepatitis C based blood work which had been completed "a few weeks ago." [Doc. 7-3 at 49].

The Magistrate Judge acknowledged that an ALJ has a duty to develop the record but found it circumscribed in this case because the claimant was represented by counsel. [Doc. 20 at 7-8]. The Plaintiff argues this is legally erroneous, citing a decision of the undersigned in Nicholson v. Astrue, 2010 WL 4506997 (W.D.N.C. 2010). In Nicholson, the conclusion that the ALJ committed error was based on the fact that the ALJ failed to rely on **any**

3

source with medical credentials to provide a residual functional capacity (RFC) assessment. Id. An ALJ cannot rely solely on the opinion of an individual with no medical credentials to find substantial evidence upon which to base an RFC. In making that ruling, the Court noted that an ALJ has a duty to make reasonable efforts to "seek out a claimant's records, ... even if claimant is represented by an attorney." Id. at **6. The Court further noted that failing to procure "an accepted source opinion on RFC represents a failure of the ALJ in his duty to develop the record." Id.

By contrast, in this case the ALJ considered medical evidence from individuals with medical credentials. He also considered the record related to the Plaintiff's condition of Hepatitis C and asked the vocational expert to opine as to the limitations that condition would impose on her. [Doc. 7-3 at 14-29, 64-67]. This satisfied the ALJ's duty to "explore all relevant facts and inquire into the issues necessary for adequate development of the record[.]" Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986). An ALJ "is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record." Bell v. Chater, 57 F.3d 1065 **4 (4th Cir. 1995) (quoting Clark v. Shalala, 28 F.3d 828, 830-31 (9th Cir. 1994); Toney v. Shalala, 35 F.3d 557 (4th Cir. 1994). This Objection is therefore rejected.

4

The Plaintiff's next assignment of error is that the ALJ rejected a portion of the evaluation of Dr. Alexander Gimon, Ph.D. to whom she was referred for a general clinical evaluation. [Doc. 7-9 at 41]. Dr. Gimon recommended that the Plaintiff would have difficulty managing the stress of a routine workday and handling relationships with co-workers. [Id. at 372]. The ALJ found that this recommendation was against the substantial weight of other evidence.

In support of this Objection, the Plaintiff merely states that the ALJ failed to consider her contradicting testimony and argument. However, merely referencing the same arguments made in the pleading submitted to the Magistrate Judge does not warrant *de novo* review. United States v. Midgette, 478 F.3d 616, 621 (4th Cir.), cert. denied 551 U.S. 1157, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007) (emphasis in original). This Court, moreover, does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation and citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." Id. It is not the role of this Court to draw different conclusions from the evidence; the duty of resolving conflicts in the evidence belongs to the ALJ.

Id.  This Objection is rejected as well.

The Court therefore accepts the Magistrate Judge's recommendation that the Commissioner's decision should be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections [Doc. 21] are hereby **REJECTED**, and the Magistrate Judge's Memorandum and Recommendation [Doc. 20] is hereby **ADOPTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 18] is hereby **GRANTED** and the Plaintiff's Notice of Motion and Motion for Judgment on the Pleadings [Doc. 14] is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED** and this case is hereby **DISMISSED**.

The Clerk of Court is instructed to enter Judgment.

Signed: August 2, 2012

Martin Reidinger
United States District Judge